BRAD A. MOKRI, SBN: 208213
JENNIFER N. HUPE, SBN: 256009
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714) 619-9396

Attorney for HERITAGE PACIFIC FINANCIAL LLC dba
HERITAGE PACIFIC FINANCIAL

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>RIGOBERTO CALDERON<br><br>HERITAGE PACIFIC FINANCIAL, LLC D/B/A HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company,<br>      Plaintiff,<br><br>vs.<br><br>RIGOBERTO CALDERON<br><br>      Defendant | Chapter 7<br>Bankruptcy Case No.: 10-92794-E-7<br>Adversary Case No: 10-09077-E<br><br>**DECLARATION OF BEN GANTER IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

I, Ben Ganter, declare as follows:

1. I am the Director of Client Relations for Heritage Pacific Financial, LLC d/b/a Heritage Pacific Financial. I have personal knowledge of the facts stated herein. I am familiar with Heritage Pacific Financial's regular course of business and its operations within the secondary mortgage market. I participate in the purchase of mortgage notes on the secondary market, on behalf of Plaintiff Heritage Pacific Financial.

2. When purchasing loans on the secondary market, Heritage Pacific Financial

---

DECLARATION OF BEN GANTER

-1-

relies *only* on the information provided on the loan application (otherwise referred to as the 1003 Application or Uniform Residential Loan Application).

3. When seeking to purchase a note on the secondary market, Heritage relies on the stated income of the borrower, the borrower's assets and debts, occupation, and other real property as set forth on the 1003 Application. The borrower signs an "Acknowledgement and Agreement" representing to the lender, its agents, brokers, processors, attorneys, insurers, servicers, successors and assign that the information provided in this application is true and correct. See Exhibit A in support of Plaintiff's Motion for Default Judgment.

4. By signing the "Acknowledgement and Agreement" the borrower intends to make these representations to any subsequent note holders, like Heritage Pacific Financial. This acknowledge and agreement is an essential clause to which Heritage Pacific Financial relies on in purchasing the notes from the Lender. Absent this clause, Heritage Pacific Financial would have no incentive to purchase these notes, and the risk of loss would gravely outweigh the cost.

5. By relying on the representations contained within the 1003 Application, such as income, assets, occupation and other properties, Heritage Pacific Financial assumes that even if the borrower defaults, Heritage Pacific Financial will still be able to collect on the note considering the amount of income the borrower has represented to make annually. For example, Defendant made the following representations, to which Heritage Pacific Financial relied on when purchasing the subject notes:

    a. Rigoberto Calderon represented on the 1003 Application (Exhibit A) that he was employed by Signature Foods and earned $4,000.00 per month.

6. Had Heritage Pacific Financial known that the actual income of the borrower was falsely stated on the 1003 Application, Heritage Pacific Financial would not have purchased that note.

7. As Director of Client Relations, I am also familiar with the terms, payments received, and defaults associated with these Defendants and have personal knowledge of the following facts:

    a.    Rigoberto Calderon made zero (0) payments on the note and has an unpaid

balance of $48,800.00 with a 9.500% interest rate.

8. Attached as Exhibit "A" is a true and correct copy of Defendant's Uniform Residential Loan Application, otherwise known as a 1003 Form, executed by Defendant, the original of which is maintained in the records of Heritage Pacific Financial in the ordinary course of its business.

9. Attached as Exhibit "B" is a true and correct copy of the Promissory Note, executed by Defendant, the original of which is maintained in the records of Heritage Pacific Financial in the ordinary course of its business.

10. On or about December 13, 2010, Heritage Pacific Financial sent a Request for Verification of Employment to Seneca Foods at 2801 Finch Road, Modesto California 95354. On or about December 13, 2010, Seneca Foods completed and returned to Heritage Pacific Financial the Request for Verification of Employment form. A true and correct copy of the Request for Verification of Employment is attached as Exhibit "C".

11. On or about August 16, 2005, Defendant obtained a loan in the amount of $48,800.00 with 9.500% interest for the purchase of certain real property. (Exhibit B). Defendant acquired a fifteen (15) year loan but failed to make a single payment. The Note was subsequently assigned to Plaintiff as indicated in the Allonge to Note. (Exhibit B). Plaintiff has been damaged in the sum of $48,800.00 which is the unpaid balance of the Note and the amount of the assignment transaction as set forth in the Allonge to Note.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on Dec 4th 2011 at Plano, Texas.

Heritage Pacific Financial, LLC
d/b/a Heritage Pacific Financial

By: _____

BEN GANTER
Director of Client Relations and Custodian
of Records for Pacific Financial LLC

EXHIBIT "A"

# Uniform Residential Loan Application
## CITY FINANCE

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ VA  [X] Conventional  ☐ Other<br>☐ FHA  ☐ USDA/Rural Housing Service | Agency Case Number | Lender Case Number<br>69 |
|---|---|---|---|
| Amount<br>$ 48,800.00 | Interest Rate 9.500 % | No. of Months 360 | Amortization Type: [X] Fixed Rate  ☐ GPM  ☐ Other (explain)  ☐ ARM (type) |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state & zip code)<br>1628 WOODWORTH AVENUE, MODESTO, CA 95351 | County<br>STANISLAUS | No. of Units<br>1 |
|---|---|---|

Legal Description of Subject Property (attach description if necessary) — Year Built
SEE PRELIMINARY TITLE REPORT

Purpose of Loan [X] Purchase  ☐ Construction  ☐ Other (explain)
☐ Refinance  ☐ Construction-Permanent

Property will be: [X] Primary Residence  ☐ Secondary Residence  ☐ Investment

Complete this line if construction or construction-permanent loan.
| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a+b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.
| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

Title will be held in what Name(s): RIGOBERTO CALDERON
A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

Manner in which Title will be held:

Estate will be held in: [X] Fee Simple  ☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)
SAVINGS

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name | RIGOBERTO CALDERON | |
| SSN / Home Phone / DOB / Yrs. School | ____-7248 / (209) 238-3646 / / 12 | |
| Marital Status | [X] Married ☐ Unmarried ☐ Separated | ☐ Married ☐ Unmarried ☐ Separated |
| Dependents | no. 0 / ages | |
| Present Address | ☐ Own [X] Rent 3 No. Yrs.<br>MODESTO, CA 95351 | ☐ Own ☐ Rent ___ No. Yrs. |

## IV. EMPLOYMENT INFORMATION

| | Borrower | Co-Borrower |
|---|---|---|
| Name & Address of Employer | SIGNATURE FOODS<br>2801 FINCH ROAD<br>MODESTO, CA 95354 | |
| Self Employed | ☐ | ☐ |
| Yrs. on this job | 6Y | |
| Yrs. employed in this line of work/profession | 13Y | |
| Position/Title/Type of Business | FORKLIFT DRIVER | |
| Business Phone | (209) 550-2236 | |

Freddie Mac Form 65 01/04 — Page 1 of 4 — Fannie Mae Form 1003 01/04
Borrower's Initials: R.C.   Co-Borrower's Initials: Final

GENESIS 2000, INC. *W17.0* (800) 532-0504
CALDERON

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 4,000.00 | $ | $ 4,000.00 | Rent | $ | $ |
| Overtime | | | | First Mortgage (P&I) | | 1,008.00 |
| Bonuses | | | | Other Financing (P&I) | | 410.34 |
| Commissions | | | | Hazard Insurance | | 57.00 |
| Dividends/Interest | | | | Real Estate Taxes | | 254.00 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 4,000.00 | $ | $ 4,000.00 | Total | $ | $ 1,519.34 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed ☒ Jointly ☐ Not Jointly

| ASSETS Description | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use the continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: Title Company | 1,000 | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
| List checking and savings accounts below | | Name and address of Company WELLS FARGO BANK | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union Wells Fargo | | | | |
| Acct. no. | | Acct. no. 448542450040 | 15 | 63 |
| | $ 10,000 | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| Acct. no. | $ | Acct. no. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $ | Acct. no. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $ | Acct. no. | | |
| Stocks & Bonds (Company name/ number & description) | $ | Name and address of Company | $ Payment/Months | $ |
| | | Acct. no. | | |
| Life insurance net cash value Face amount $ | $ | Name and address of Company | $ Payment/Months | $ |
| Subtotal Liquid Assets | 11,000 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Acct. no. Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) 1998 Dodge 1992 Astro 1991 Honda | 9,000 2,000 2,000 | Acct. no. Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) Personal Property | $ 25,000 | Job Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ | 15 |
| Total Assets a. | $ 49,000 | | 48,331 | Total Liabilities b. $ 63 |

Borrower  *R.C.*
Co-Borrower

Freddie Mac Form 65  01/04
Calyx Form 1003 Loanap2.frm 01/04

Page 2 of 4

Fannie Mae Form 1003  01/04

# CITY FINANCE

## V. MC — INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 4,000.00 | $ | $ 4,000.00 | Rent | $ 500.00 | XXXXXXXX |
| Overtime | | | | First Mortgage (P&I) | | $ 1,098.00 |
| Bonuses | | | | Other Financing (P&I) | | 410.34 |
| Commissions | | | | Hazard Insurance | | 55.31 |
| Dividends/Interest | | | | Real Estate Taxes | | 254.17 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income" below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| **Total** | $ 4,000.00 | $ | $ 4,000.00 | **Total** | $ 500.00 | $ 1,817.82 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income — Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |

## VI. ASSETS AND LIABILITIES

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.  Completed [X] Jointly [ ] Not Jointly

| ASSETS Description | Cash or Market Value | LIABILITIES | Monthly Payment & Months Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Cash deposit toward purchase held by: CHICAGO TITLE | $ 1,000 | Name and address of Company (Charge Acct.) WELLS FARGO | $ Payment/Months $ | $ |
| List checking and saving accounts below | | | | |
| Name and address of Bank, S&L, or Credit Union WELLS FARGO | | Acct. no. 0638 | 15.00 / | 69 |
| Acct. no. | $ 10,000.00 | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $ | | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $ | | | |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Acct. no. | $ | | | |
| Stock & Bonds (Company name/number & description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life insurance net cash value Face amount $ | $ | | | |
| Subtotal Liquid Assets | $ 11,000 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | | | |
| Automobiles owned (make and year) See page 4 of 1003 for Auto Owned | $ 13,000 | Acct. no. | | |
| | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | XXXXXXXX |
| Other Assets (itemize) HHG | $ 25,000 | Job Related Expense (child care, union dues, etc.) | $ | XXXXXXXX |
| | | Total Monthly Payments | $ 15.00 | XXXXXXXX |
| **Total Assets a.** | $ 49,000 | Net Worth (a minus b) ► $ 48,931 | **Total Liabilities b.** | $ 69 |

Freddie Mac Form 65 01/04   Page 2 of 4   Fannie Mae Form 1003 01/04
Borrower's Initials R.C.   GENESIS 2000, INC. * W17.0 * (800) 582-0504   Co-Borrower's Initials

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

Alternate Name     Creditor Name     Account Number

## VII. DETAILS OF TRANSACTION | VIII. DECLARATIONS

| | | |
|---|---|---|
| a. Purchase price | $ | 244,000.00 |
| b. Alterations, improvements, repairs | | |
| c. Land (if acquired separately) | | |
| d. Refinance (incl. debts to be paid off) | | |
| e. Estimated prepaid items | | |
| f. Estimated closing costs | | 8,563.00 |
| g. PMI, MIP, Funding Fee | | |
| h. Discount (if Borrower will pay) | | |
| i. Total costs (add items a through h) | | 250,563.00 |
| j. Subordinate financing | | 48,800.00 |
| k. Borrower's closing costs paid by Seller | | |
| l. Other Credits (explain) | | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | | 195,200.00 |
| n. PMI, MIP, Funding Fee financed | | |
| o. Loan amount (add m & n) | | 195,200.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | | 8,563.00 |

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

|  | Borrower | Co-Borrower |
|---|---|---|
|  | Yes No | Yes No |
| a. Are there any outstanding judgments against you? | ☐ ☒ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☒ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☒ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☒ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ ☒ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | ☐ ☒ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☒ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☒ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☒ | ☐ ☐ |
| j. Are you a U.S. citizen? | ☒ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☒ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? | ☒ ☐ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☐ ☒ | ☐ ☐ |
| (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | | |
| (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of the application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Borrower's Signature    Date    Co-Borrower's Signature    Date

X Rigoberto Calderon    8-17-05    X

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

**BORROWER** ☐ I do not wish to furnish this information

| Ethnicity: | ☒ Hispanic or Latino | ☐ Not Hispanic or Latino |
|---|---|---|
| Race: | ☐ American Indian or Alaska Native | ☐ Asian | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☐ White | |
| Sex: | ☐ Female | ☒ Male | |

**CO-BORROWER** ☐ I do not wish to furnish this information

| Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino |
|---|---|---|
| Race: | ☐ American Indian or Alaska Native | ☐ Asian | ☐ Black or African American |
| | ☐ Native Hawaiian or Other Pacific Islander | ☐ White | |
| Sex: | ☐ Female | ☐ Male | |

To be Completed by Interviewer
This application was taken by:
☐ Face-to-face Interview
☒ Mail
☐ Telephone
☐ Internet

Interviewer's Name (print or type)
Interviewer's Signature    Date

Name and Address of Interviewer's Employer

MILLENNIUM FUNDING GROUP
15 BROADWAY STREET, SUITE 600
Vancouver, WA 98660
(P) 877-771-5554
(F) 877-771-5553

Freddie Mac Form 65   01/04     Page 3 of 4     Fannie Mae Form 1003   01/04
Calyx Form 1003 Loanapp3.frm   01/04

# CITY FINANCE

## VI. ASSETS AND LIABILITIES (cont.)

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | $ | $ |
| | | | | | | | |
| | | | | | | | |
| | | $ | $ | $ | $ | $ | $ |
| Totals | | 0 | 0 | 0.00 | 0.00 | 0.00 | 0.00 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

Alternate Name | Creditor Name | Account Number

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ 244,000.00 |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | |
| e. Estimated prepaid items | 1,157.78 |
| f. Estimated closing costs | 6,341.90 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | |
| i. Total costs (add items a through h) | 251,499.68 |
| j. Subordinate financing | 195,200.00 |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) Held Deposit / Paid Charges in GFE | 1,000.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 48,800.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 48,800.00 |
| p. Cash from Borrower (subtract j, k, l & o from i) | 6,499.68 |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes/No | Co-Borrower Yes/No |
|---|---|---|
| a. Are there any outstanding judgments against you? | No | |
| b. Have you been declared bankrupt within the past 7 years? | No | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | No | |
| d. Are you a party to a lawsuit? | No | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | No | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? | No | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | No | |
| h. Is any part of the down payment borrowed? | No | |
| i. Are you a co-maker or endorser on a note? | No | |
| j. Are you a U.S. citizen? | Yes | |
| k. Are you a permanent resident alien? | No | |
| l. Do you intend to occupy the property as your primary residence? | Yes | |
| m. Have you had an ownership interest in a property in the last three years? | No | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described herein; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated herein; (6) any owner or servicer of the Loan may verify or reverify any information contained in the application from any source named in this application, and Lender, its successors or assigns may retain the original and/or an electronic record of this application, even if the Loan is not approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Borrower's Signature: X /s/ Reginald Gallegos  Date: 8-17-05
Co-Borrower's Signature: X  Date:

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may discriminate neither on the basis of this information, nor on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations this lender is required to note the information on the basis of visual observation or surname. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

BORROWER: [ ] I do not wish to furnish this information
Ethnicity: [X] Hispanic or Latino  [ ] Not Hispanic or Latino
Race: [ ] American Indian or Alaska Native  [ ] Asian  [ ] Black or African American  [ ] Native Hawaiian or Other Pacific Islander  [X] White
Sex: [ ] Female  [X] Male

CO-BORROWER: [ ] I do not wish to furnish this information
Ethnicity: [ ] Hispanic or Latino  [ ] Not Hispanic or Latino
Race: [ ] American Indian or Alaska Native  [ ] Asian  [ ] Black or African American  [ ] Native Hawaiian or Other Pacific Islander  [ ] White
Sex: [ ] Female  [ ] Male

To be Completed by Interviewer
This application was taken by:
[ ] Face-to-face interview
[ ] Mail
[X] Telephone
[ ] Internet

Interviewer's Name (print or type): DIEGO CASTILLO
Interviewer's Signature: /s/ Diego Castillo  Date: 8/17/05
Interviewer's Phone Number (incl. area code): (209) 526-6311  FAX: (209) 526-7169

Name and Address of Interviewer's Employer:
CITY FINANCE
1000 TULLY ROAD
SUITE A2
MODESTO, CA 95350

# Borrower's Certification & Authorization

LOAN NO.: ████206

## Certification

The undersigned certify the following:

1. I/We have applied for a mortgage loan from AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP applying for the loan, I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information, and assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application or other documents, nor did I/we omit any pertinent information.

2. I/We understand and agree that AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP reserves the right to change the mortgage loan review process to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

## Authorization to Release Information

To Whom It May Concern:

1. I/We have applied for a mortgage loan from AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP. In the application process, AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP (lender) may verify information contained in my/our loan application and in other documents required in connection with the loan, either before the loan is closed or as part of its quality control program.

2. I/We authorize you to provide to AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP whom AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP (lender) may sell my/our mortgage, any and all information and documentation that they request. Such information includes, but is not limited to, employment history and income; bank, money market, and similar account balances; credit history; and copies of income tax returns.

3. AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP (lender) or any investor that purchases the mortgage may address this authorization to any party named in the loan application or disclosed by any consumer credit reporting agency or similar source.

4. A copy of this authorization may be accepted as an original.

5. Your prompt reply to AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP (lender) or the investor that purchased the mortgage is appreciated.

**NOTICE TO BORROWERS:** This is notice to you as required by the Right to Financial Privacy Act of 1978 that HUD/FHA has a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to HUD/FHA without further notice or authorization but will not be disclosed or released by this institution to another Government Agency or Department without your consent except as required or permitted by law.

_Rigoberto Calderon_     8-17-05
RIGOBERTO CALDERON     (Date)

_____
(Date)

VMP-50 (0503)     3/05
LENDER SUPPORT SYSTEMS INC. GEN-034.GEN (04/05)

EXHIBIT "B"

# NOTE

**WITH BALLOON PAYMENT**
**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

AUGUST 16, 2005
*Date*

MODESTO
*City*

CALIFORNIA
*State*

1628 WOODWORTH AVENUE, MODESTO, CA 95351-
*Property Address*

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 48,800.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is
AMERICAN MORTGAGE EXPRESS FINANCIAL DBA MILLENNIUM FUNDING GROUP
. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

**2. INTEREST**
I will pay interest at a yearly rate of 9.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. PAYMENTS**
I will pay principal and interest by making payments each month of U.S. $ 410.34
I will make my payments on the 1st day of each month beginning on OCTOBER, 2005
. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on SEPTEMBER 01, 2020
I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at AMERICAN MORTGAGE EXPRESS FINANCIAL or at a different place if required by the Note Holder.
P.O. BOX 501726, SAN DIEGO, CA 92150-1726

**4. BORROWER'S FAILURE TO PAY AS REQUIRED**
(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ 5.00 and not more than U.S. $ 20.52 . I will pay this late charge only once on any late payment.

(B) Notice from Note Holder
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**5. THIS NOTE SECURED BY A DEED OF TRUST**
In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.
Some of those conditions are described as follows:

CALIFORNIA - SECOND MORTGAGE - 6/84 - FNMA/FHLMC UNIFORM INSTRUMENT

Initials: R C
Form 3805 - Modified
LENDER SUPPORT SYSTEMS INC. 2NDSL-CA.NEW (07/05)

V-75(CA) (0204).04 Modified for Balloon
Page 1 of 2

Transfer of the Property or Beneficial Interest in Borrower. If all or any part of the ...rty or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

### NOTICE TO BORROWER
Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

_Leonhardo Calders_ (Seal)  _____ (Seal)
RIGOBERTO CALDERON        -Borrower                       -Borrower

_____ (Seal)  _____ (Seal)
-Borrower                -Borrower

_____ (Seal)  _____ (Seal)
-Borrower                -Borrower

_____ (Seal)  _____ (Seal)
-Borrower                -Borrower

*(Sign Original Only)*

# Allonge To Note

Date: AUGUST 16, 2005

Borrower: RIGOBERTO CALDERON

Property Address: 1628 WOODWORTH AVENUE, MODESTO, CA 95351

Amount of Transaction $ 48,800.00

Without Recourse, Pay to the order of:

RESIDENTIAL FUNDING CORPORATION

By: *(signature)*
Dan King
President
Millennium Funding Group
American Mortgage Express Financial dba Millennium Funding Group

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By *(signature)*
Judy Faber, Vice President

Without Recourse, Pay to the order of
Coltate Capital L.L.C.

*(signature)*
Steven Green, Limited Signing Officer
U.S. Bank National Association as Trustee, c/o Residential Funding Company, LLC fka Residential Funding Corporation, Attorney in Fact

Without Recourse, Pay to the order of
HERITAGE PACIFIC FINANCIAL, LLC d/b/a
HERITAGE PACIFIC FINANCIAL

*(signature)*
Greg S. Conrady, Manager
Coltate Capital, L.L.C

EXHIBIT "C"

WHEN COMPLETED
FAX TO VERIFICATION DEPT.
@ 972-422-2586


HERITAGE PACIFIC FINANCIAL

## REQUEST FOR VERIFICATION OF EMPLOYMENT

**Privacy Act Notice:** This information is to be used by the agency collecting it or its assignees in determining whether you qualify as a prospective mortgage under its program. It will not be disclosed outside the agency except as required and permitted by law. You do not have to provide this information, but if you do not your application for approval as a prospective mortgagor or borrower may be delayed or rejected. The information in this form is authorized by the Title 385, USC, Chapter 37 (if VA); by 12 USC, Section 1701 et seq. (if HUD/FHA); and Title 42 USC, 1471 et seq. or 7 USC, 1921 et seq. (if USDA/FmHA)

**Instructions:** Lender-Complete items 1 through 8. Have applicant(s) complete Part I, item 9, and forward directly to Creditor named in Part I, item 1. Landlord/Creditor-Please complete Part II and return directly to Lender named in Part I, item 2. The form is to be transmitted directly to the lender and is not to be transmitted through the applicant or any other party.

### Part I - Request

| 1) TO (Name and Address of Employer) | 2) FROM (Name and address of Lender) |
|---|---|
| Seneca Foods<br>2801 Finch Road<br>Modesto, CA 95354 | Heritage Pacific Financial LLC.<br>17120 N. Dallas Parkway, Suite 135, Dallas, TX 75248<br>Phone: 877-272-5528  Fax: 972-422-2586 |

I certify that this verification has been sent directly to the employer and has not passed through the hands of the applicant or any other interested party.

| 3) Signature of Lender | 4) Title | 5) Date | 6) Loan No. |
|---|---|---|---|
| Rosalinda Cortez | VERIFICATION AGENT | 12/13/2010 | 230139 |

I have applied for a mortgage loan and stated that I am now or was formerly employed by you. My signature below authorized verification of this information.

| 7) Name and Address of Applicant (include employee or badge number) | 8) Signature of Applicant |
|---|---|
| Rigoberto Calderon<br>SS NO. XXX-XX-7248 | *SEE ATTACHED AUTHORIZATION* |

### Part II - Verification of Present Employment

| 9) Applicant's Date of Employment | 10) Present Position | 11) Probability of Continued Employment |
|---|---|---|
| 9-1-88 | Plant Closed 10-28-6 | |

12A) Current Gross Base Pay (Enter Amount and Check Period)
☐ Annual ☐ Hourly
☐ Monthly
$ _____ ☐ Weekly ☐ Other (Specify)

13) For Military Personal Only

| Pay Grade | | |
|---|---|---|
| Type | | Monthly Amount |
| Base Pay | | $ |
| Rations | | $ |
| Flight or Hazard | | $ |
| Clothing | | $ |
| Quarters | | $ |
| Pro Pay | | $ |
| Overseas or Combat | | $ |
| Variable Housing Allowance | | $ |

14) If Overtime or Bonus is Applicable, Is its Continuance Likely?
Overtime ☐ Yes ☐ No
Bonus ☐ Yes ☐ No

15) If paid hourly – average hours per week

16) Date of applicant's next pay increase

17) Projected amount of next pay increase

18) Date of applicant's last pay increase

19) Amount of last pay increase

#### 12B) Gross Earnings

| Type | Year to Date Thru ___ | 2005 | 2006 |
|---|---|---|---|
| Base Pay | $ | $ | $ |
| Overtime | $ | $ | $ |
| Commissions | $ | $ | $ |
| Bonus | $ 0 | $ | $ |
| Total | $ | $ 876474 | $ 0 |

20) Remarks (If employee was off work for any length of time, please indicate time period and reason)
Plant Closed 10-28-6

### Part III - Verification of Previous Employment

| 21) Date Hired | 23) Salary/Wage at Termination Per ☐ Year ☐ Month ☐ Week ☐ Hour |
|---|---|
| 22) Date Terminated | Base _____ Overtime _____ Commissions _____ Bonus _____ |
| 24) Reason for Leaving | 25) Position Held |

### Part IV - Authorized Signature
Federal statutes provide severe penalties for any fraud, intentional misrepresentation, or criminal connivance or conspiracy purposed to influence the issuance of any guaranty or insurance by the VA Secretary, the U.S.D.S., FmHA/FHA Commissioner, or the HUD/CPD Assistant Secretary.

| 26) Signature of Employer | 27) Title (Please print or type) | 28) Date |
|---|---|---|
| *Laurel Cockrell* | Payroll | 12-13-10 |
| 29) Print or Type name signed in Item 26<br>Laurel Cockrell | 30) Phone No.<br>209-572-5710 | |



2801 Finch Rd
Modesto, CA 95354

  

## THIS FAX CONTAINS CONFIDENTIAL INFORMATION

TO: Rosalinda

PAGES: 2

FROM: Laurel Cockrell

PHONE: 209-572-5710

FAX: 209-572-5231

DATE: 12/13/10

Your document(s) have been received. Please refer to the list below for the confirmation number and submission date of each file submitted.

| FileName | ConfirmationNumber | CaseNumber | SubmissionDate |
|---|---|---|---|
| CALDERON_NOTICE MOTI.pdf | BMOKRI6342298290528497501 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_MEMO P&A.pdf | BMOKRI6342298290528497502 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_DECL MARK S.pdf | BMOKRI6342298290528653753 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_DECL GANTER.pdf | BMOKRI6342298290528653754 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_EXH A.pdf | BMOKRI6342298290528653755 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_EXH B.pdf | BMOKRI6342298290528653756 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_EXH C.pdf | BMOKRI6342298290528653757 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_COS RE DEFAULT JUDGMENT.pdf | BMOKRI6342298290528653758 | 2010-92794 | 1/5/2011 12:57:32 PM |
| CALDERON_PROP JUDGMT.pdf | BMOKRI6342298290528653759 | 2010-92794 | 1/5/2011 12:57:32 PM |

Please retain a copy of this page for your records. If you need to contact the Bankruptcy court for any reason, your confirmation number will provide the court with a mechanism for locating your uploaded document.